**GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@go2.law
Ryan W. Beall, State Bar No. 313774
rbeall@go2.law
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Proposed Attorneys for Chapter 7 Trustee
Weneta M.A. Kosmala

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:23-bk-11139-TA |
| STACY ODINE CORBAN, | Chapter 7 |
| Debtor. | **APPLICATION OF THE CHAPTER 7 TRUSTEE FOR AUTHORIZATION TO: (1) EMPLOY REAL ESTATE BROKER (BERKSHIRE HATHAWAY HOMESERVICES CALIFORNIA PROPERTIES) AND AGENT CLARENCE YOSHIKANE PURSUANT TO 11 U.S.C. §§ 327 AND 328; AND (2) ALLOW AGENT AN ADMINISTRATIVE CLAIM FOR OUT-OF-POCKET EXPENSES; DECLARATIONS OF WENETA M.A. KOSMALA AND CLARENCE YOSHIKANE IN SUPPORT** |
| | **[22596 Killy Street, Lake Forest, California 92630]** |
| | [No Hearing Required Pursuant to Local Bankruptcy Rule 2014-1(b)(1)] |

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY**

**JUDGE:**

Weneta M.A. Kosmala, the Chapter 7 trustee ("Trustee") for the bankruptcy estate

("Estate") of debtor Stacy Odine Corban ("Debtor"), files this *Application of the Chapter 7*

*Trustee to: (1) Employ Real Estate Broker (Berkshire Hathaway HomeServices California*

*Properties) and Agent Clarence Yoshikane Pursuant to 11 U.S.C. §§ 327 and 328; and*

*(2) Allow Agent an Administrative Claim for Out-of-Pocket Expenses* ("Application").  In

1  support of the Application, the Trustee submits the attached declarations of Weneta M.A.

2  Kosmala ("Kosmala Declaration") and Clarence Yoshikane ("Yoshikane Declaration").

3  **I.**    **STATEMENT OF FACTS**

4      On June 2, 2023 ("Petition Date"), the Debtor filed a voluntary Chapter 13

5  bankruptcy petition, commencing case no. 8:23-bk-11139-TA ("Case").  The Case was

6  converted to one under Chapter 7 on August 28, 2023, and Weneta M.A. Kosmala was

7  appointed Chapter 7 trustee.  In her Schedule A/B, the Debtor scheduled the following

8  assets with the following values assigned by the Debtor:

9      -    22596 Killy Street, Lake Forest, California 92630 ("Property") with a

10     stated value of $934,000.00 and liens totaling $534,847.68 ("Liens").  The Debtor

11     claims an exemption in the Property in the amount of $678,000.00 pursuant to

12     C.C.P. § 704.730 ("Exemption").  On February 16, 2024, the Debtor filed a Waiver

13     of Homestead Exemption. See dkt. 43. As such, the Debtor does not assert an

14     exemption in the Property.

15     -    Personal property valued at $7,240.00, consisting of vehicles

16     ($1,000.00), personal and household items ($1,400.00), and financial assets

17     ($4,840.00).  See dkt. 12, Schedules A/B, C and D. On March 7, 2024, David

18     Harris filed a non-priority unsecured claim in the amount of $27,000.00.

19     On February 16, 2024, the Debtor filed a Waiver of Homestead Exemption. See

20  dkt. 43.

21     There have been three claims filed. Claim 3-1 is the claim of David Harris as a non-

22  priority unsecured claim in the amount of $27,000.00.

23     The Trustee and her counsel are reviewing the Debtor's petition, schedules,

24  statement of financial affairs, and documents provided by the Debtor's counsel as well as

25  valuations of the Property along with debts asserted against the Debtor.  The Trustee is

26  informed that the Debtor wishes to liquidate the Property. To that end, the Debtor has

27  executed a wavier of her homestead exemption which the Trustee is informed will be filed

28  shortly in this case.

**Golden Goodrich LLp**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

4862-3471-1971.1                              2                      EMPLOYMENT APPLICATION

1    The Trustee is informed by her agent that the Property, including the garage, is

2 completely filled with trash that has been there for more than a year. Therefore, before

3 the Property can be marketed for sale, all trash must be removed and the Property must

4 be thoroughly cleaned. The Property's value is highly contingent on the ability of the

5 Trustee's agent to have the Property emptied and cleaned before marketing begins. The

6 Trustee's and Debtor's counsel have been in contact regarding the cleanup of the

7 Property and are cooperating to make the Property marketable.

8    **II.    PROPOSED EMPLOYMENT OF BROKER AND AGENT**

9    The Trustee has solicited the assistance of Clarence Yoshikane ("Agent") of

10 Berkshire Hathaway HomeServices California Properties, a licensed California real estate

11 broker ("Broker"), in determining the value of the Property. Mr. Yoshikane has advised the

12 Trustee that the current market value of the Property is approximately $799,900. *See*

13 Yoshikane Declaration. However, the market value may be higher once the Property is

14 empty and clean. *See* Yoshikane Declaration. After cleaning the Property, the Broker

15 shall have the ability to adjust the list price as needed in its professional opinion in order to

16 obtain the highest possible value for the Property.

17    The Agent has inspected the Property and has advised the Trustee that prior to

18 marketing, the Property needs extensive trash removal and interior cleaning (together,

19 "Services"). Due to the lack of funds in the Estate, the Agent is willing to undertake and

20 advance the cost of the Services, up to $15,000. *See* Yoshikane Declaration. The

21 Agent's profile is attached as **Exhibit 2**. The amount advanced by the Agent for the

22 Services will be payable as an administrative expense of the Estate from the proceeds of

23 sale of the Property.

24    To facilitate the sale of the Estate's interest in the Property, the Trustee seeks to

25 employ an experienced and reputable real estate broker and proposes to employ the

26 Broker and the Agent pursuant to 11 U.S.C. §§ 327(a) and 328. The Agent has agreed to

27 advertise the Property, to market and show the Property, to represent the Estate in

28

**Golden Goodrich LLp**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    connection with the sale of the Property, and to advise the Trustee with respect to

2    obtaining the best offer for the sale of the Property.

3        The terms of the Broker's employment agreed to by the Trustee, subject to

4    approval of the Court, as set forth in the Residential Listing Agreement (Exclusive

5    Authorization and Right to Sell), the Addendum to Exclusive Authorization and Right to

6    Sell, Possible Representation of More than One Buyer or Seller – Disclosure and

7    Consent, and the Disclosure Regarding Real Estate Agency Relationship (together,

8    "Listing Agreement"), a copy of which is attached as **Exhibit 1**, are as follows:

9        1.    The Broker will have an exclusive listing on the Property.  The listing

10    price for the Property will be $799,900.  The Listing Agreement, including the listing

11    price, may be modified by the Trustee in her discretion.[1]  The listing and sale of the

12    Property is subject to Bankruptcy Court approval.  Any sale of the Property will be

13    "as is," without any representations, guarantees or warranties of any kind, whether

14    expressed or implied, by the Trustee.  Upon the presentation of an acceptable

15    purchase offer for the Property, the Trustee will file a motion seeking court authority

16    to sell the Property and pay the total broker's commission of six percent (6%) from

17    the sale proceeds through escrow.  The Trustee's motion will contain an overbid

18    procedure.

19        2.    The Trustee shall have the right to sell the Property to anyone who,

20    prior to the date of entering into the Listing Agreement, has expressed an interest

21    in purchasing the Property, and the Broker shall not be entitled to a commission on

22    such a sale.

23        3.    The Trustee shall further have the right at any time to sell the Estate's

24    interest in the Property to the Debtor, Stacy Odine Corban, Case No. 8:23-bk-

25    11139-TA.  If the Debtor is the successful overbidder over a third party's purchase

26

27    _____

28    [1] The Agent anticipates that the listing price may be adjusted after all trash has been removed and the
Property has been cleaned.

Golden Goodrich LLp
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

4862-3471-1971.1                          4                          EMPLOYMENT APPLICATION

offer presented by the Broker to the Trustee and as to which the Broker would have been entitled to a commission, and which the Trustee has accepted subject to Court approval, the Broker shall be entitled to the full commission of 3% of the final sale price as set forth in the Listing Agreement.

4.      Should the Broker represent both the Trustee and the buyer, the total commission shall be reduced to 4%.

5.      The Agent is informed and understands that no sale may be consummated until after notice and a hearing.  Further, the Agent is aware of the provisions of 11 U.S.C. § 328(a) and understands and accepts that, notwithstanding the terms and conditions of employment and compensation provided in the Listing Agreement, the Court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

6.      Upon completion of the Services and the Trustee's approval of the Agent's out-of-pocket expenses, the Agent will have an allowed administrative claim in the Case for the amount of his expenses, not to exceed $15,000, which can be paid through escrow from the proceeds of sale of the Property.

**III.    MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to 11 U.S.C. § 327(a), a trustee may employ attorneys and other professional persons who do not hold or represent an interest adverse to the estate, and who are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties.

The Trustee employs the Agent in other unrelated cases.

Except as provided above, to the best of the Trustee's knowledge, and based upon the attached Yoshikane Declaration, the Broker and the Agent:

Golden Goodrich LLp
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1        1.     have no connection with the Debtor, the Debtor's principals, insiders, creditors, the Trustee, or any other party in interest, or their respective attorneys and accountants, or any person employed in the Office of the United States Trustee;

        2.     are not creditors, equity security holders or insiders of the Debtor;

        3.     are not and were not, within two years before the date of the filing of the petition, directors, officers, or employees of the Debtor;

        4.     do not represent an individual or entity with an interest adverse to the Estate;

        5.     are not related to the United States Trustee or to a bankruptcy judge in the Central District of California;

        6.     are disinterested within the meaning of 11 U.S.C. §§ 327(a) and 101(14);

        7.     do not have any fee sharing arrangement, understanding or compensation sharing arrangement with any other entity, except for the customary division of the commission from the sale of a property between the listing broker and the selling broker, as provided in the Listing Agreement; and

        8.     will not receive a retainer in this case.

## IV.   **CONCLUSION**

The Trustee believes the employment of the Broker and the Agent on the terms and conditions provided herein is in the best interests of the Trustee and the Estate.

**WHEREFORE,** the Trustee prays that the Court enter an order:

1.     Approving the Application;

2.     Authorizing the Trustee to employ the Broker and the Agent, as an expense of the Estate, to market and sell the Estate's interest in the Property upon the terms and conditions set forth herein and in the Listing Agreement, and authorizing the Trustee to execute the Listing Agreement attached hereto and any and all other ancillary documents necessary to list the Property for sale; and

**Golden Goodrich LLP**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1      3.      Allowing the Agent an administrative claim in the Case of up to $15,000,

2  which can be paid through escrow from the proceeds of sale of the Property.

3

4                                    Respectfully submitted,

5  Dated:  March 8, 2024              GOLDEN GOODRICH LLP

6

7                                    By: _/s/ Ryan W. Beall_
                                        RYAN W. BEALL
8                                       Proposed Attorneys for Weneta M.A.
                                        Kosmala, Chapter 7 Trustee
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Golden Goodrich LLp
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

## DECLARATION OF WENETA M.A. KOSMALA

I, Weneta M.A. Kosmala, declare:

1.      I am the Chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of Stacy Odine Corban ("Debtor").  I know each of the following facts to be true of my own personal knowledge or information and belief and, if called as a witness, I could and would competently testify with respect thereto.  I am submitting this Declaration in support of the *Application of the Chapter 7 Trustee to: (1) Employ Real Estate Broker (Berkshire Hathaway HomeServices California Properties) and Agent Clarence Yoshikane Pursuant to 11 U.S.C. §§ 327 and 328; and (2) Allow Agent an Administrative Claim for Out-of-Pocket Expenses* ("Application").  Any capitalized terms not expressly defined herein shall have the meanings provided in the Application.

2.      According to the proceedings docket, on or about June 2, 2023, the Debtor filed a voluntary Chapter 13 bankruptcy petition, commencing the Case.  The Case was converted to one under Chapter 7 on August 28, 2023, and I was appointed Chapter 7 trustee.

3.      The Debtor scheduled the real property located at 22596 Killy Street, Lake Forest, California 92630 ("Property") with a stated value of $934,000.00 and liens totaling $534,847.68 ("Liens").  The Debtor claims an exemption in the Property in the amount of $678,000.00 pursuant to C.C.P. § 704.730 ("Exemption").  On February 16, 2024, the Debtor filed a Waiver of Homestead Exemption. See dkt. 43.

3.      The Debtor scheduled personal property valued at $7,240.00.  On March 7, 2024, David Harris filed a non-priority unsecured claim in the amount of $27,000.00.

4.       The Agent has informed me that the current market value of the Property is approximately $799,900.  However, the market value may be higher once the Property is empty and clean.

5.      The Agent has inspected the Property and has advised me that prior to marketing, the Property needs extensive trash removal and interior cleaning (together,

Golden Goodrich LLp
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

"Services").  Due to the lack of funds in the Estate, the Agent is willing to undertake and advance the cost of the Services, up to $15,000, to enhance the value of the Property and its marketability.  Therefore, I propose that the Agent be allowed an administrative claim in the Case not to exceed $15,000 for such Services, which can be paid through escrow from the proceeds of sale of the Property.

6.    I intend the sell the Estate's interest in the Property upon further court order to pay claims of creditors and expenses of administration and seek the Court's authorization to employ the Broker and the Agent to advertise the Property, to market and show the Property, to represent the Estate in connection with the sale of the Property, and to advise me with respect to obtaining the best offer for the sale of the Property.

7.    I shall have the right to sell the Property to anyone who, prior to the date of entering into the Listing Agreement, has expressed an interest in purchasing the Property, and the Broker shall not be entitled to a commission on such a sale.

8.    I shall further have the right at any time to sell the Estate's interest in the Property to the Debtor.  If the Debtor is the successful overbidder over a third party's purchase offer presented to me by the Broker and as to which the Broker would have been entitled to a commission, and which I have accepted subject to Court approval, the Broker shall be entitled to the full commission of 3% of the final sale price as set forth in the Listing Agreement.

9.    Should the Broker represent both the Estate and the buyer, the total commission shall be reduced to 4%.

//

//

//

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

10.     The Agent has been informed and understands that no sale may be consummated until after notice and a hearing.  Further, the Agent is aware of the provisions of 11 U.S.C. § 328(a) and understands and accepts that, notwithstanding the terms and conditions of employment and compensation provided in the Listing Agreement, the Court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___8th___ day of March, 2024, at Newport Beach, California.

_____

Weneta M.A. Kosmala

**Golden Goodrich LLp**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1

## DECLARATION OF CLARENCE YOSHIKANE

2

3          I, Clarence Yoshikane, declare:

4          1.      I am a real estate agent licensed in the State of California.  I know each of

5   the following facts to be true of my own personal knowledge or information and belief and,

6   if called as a witness, I could and would competently testify with respect thereto.  I am an

7   agent of Berkshire Hathaway HomeServices California Properties, located at 1400

8   Newport Center Drive, Suite 200, Newport Beach, California.  I am submitting this

9   Declaration in support of the *Application of the Chapter 7 Trustee to: (1) Employ Real*

10  *Estate Broker (Berkshire Hathaway HomeServices California Properties) and Agent*

11  *Clarence Yoshikane Pursuant to 11 U.S.C. §§ 327 and 328; and (2) Allow Agent an*

12  *Administrative Claim for Out-of-Pocket Expenses* ("Application").  Any capitalized terms

13  not expressly defined herein shall have the meanings set forth in the Application.

14         2.      I have advised the Trustee that the current fair market value of the Property

15  is approximately $799,900, but may be higher once all trash has been removed and the

16  Property has been thoroughly cleaned.

17         3.      The Broker and I are qualified to represent the Trustee and the Estate in

18  connection with the marketing and sale of the Estate's interest in the Property.  A true and

19  correct copy of the Listing Agreement is attached as **Exhibit 1**.  A true and correct copy of

20  my profile is attached as **Exhibit 2**.

21         4.      On behalf of the Broker, I have agreed to accept employment on the terms

22  and conditions set forth in the Application.  The total commission for the Property is six

23  percent (6%).  The commission will be shared with the buyer's broker and will be paid

24  from the sale proceeds through escrow.

25         5.      I have personally inspected the Property.  The residence and garage are

26  completely filled with trash which has been there for more than a year.  Therefore, the

27  Property needs extensive trash removal and interior cleaning ("Services").  I believe the

28  Services are necessary to maximize the value of the Property for the benefit of the Estate.

Golden Goodrich LLp
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  Due to the lack of funds in the Estate, I am willing to undertake and advance the cost of

2  such Services, up to $15,000, on condition that I be allowed an administrative claim in the

3  Case.  Upon completion of the Services, I will submit my out-of-pocket expenses to the

4  Trustee for review and approval.

5       6.    I am employed by the Trustee in other unrelated cases.

6       7.    To the best of my knowledge, except as provided above, the Broker and I:

7            a.    have no connection with the Debtor, the Debtor's principal, insiders,

8  creditors, the Trustee, any other party or parties in interest, their respective

9  attorneys and accountants, or any person employed in the Office of the United

10  States Trustee;

11           b.    are not creditors, equity security holders or insiders of the Debtor;

12           c.    are not and were not, within two (2) years before the date of the filing

13  of the petition herein, directors, officers or employees of the Debtor;

14           d.    do not represent an individual or entity which holds an interest

15  adverse to the Estate;

16           e.    are not related to the United States Trustee or to a bankruptcy judge

17  in the Central District of California;

18           f.    are disinterested within the meaning of 11 U.S.C. §§ 327(a) 101(14);

19           g.    have no fee sharing arrangement, understanding or compensation

20  sharing arrangement with any other entity, except for the customary division of the

21  commission from the sale of a property between the listing broker and the selling

22  broker, as provided in the Listing Agreement; and

23  //

24  //

25  //

26

27

28

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1         h.     will not receive a retainer in this case.

2    I declare under penalty of perjury that the foregoing is true and correct.

3    Executed on this ___ day of February, 2024, at Newport Beach, California.

_____
Clarence Yoshikane

Golden Goodrich LLp
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

# Exhibit 1

**CALIFORNIA ASSOCIATION OF REALTORS®**

**DISCLOSURE REGARDING
REAL ESTATE AGENCY RELATIONSHIP**
(As required by the Civil Code)
(C.A.R. Form AD, Revised 12/21)

**BERKSHIRE HATHAWAY** HomeServices California Properties

☐ (If checked) This form is being provided in connection with a transaction for a leasehold interest exceeding one year as per Civil Code section 2079.13(j), (k), and (l).

When you enter into a discussion with a real estate agent regarding a real estate transaction, you should from the outset understand what type of agency relationship or representation you wish to have with the agent in the transaction.

**SELLER'S AGENT**
A Seller's agent under a listing agreement with the Seller acts as the agent for the Seller only. A Seller's agent or a subagent of that agent has the following affirmative obligations:
To the Seller: A Fiduciary duty of utmost care, integrity, honesty and loyalty in dealings with the Seller.
To the Buyer and the Seller:
    (a) Diligent exercise of reasonable skill and care in performance of the agent's duties.
    (b) A duty of honest and fair dealing and good faith.
    (c) A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties. An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

**BUYER'S AGENT**
A Buyer's agent can, with a Buyer's consent, agree to act as agent for the Buyer only. In these situations, the agent is not the Seller's agent, even if by agreement the agent may receive compensation for services rendered, either in full or in part from the Seller. An agent acting only for a Buyer has the following affirmative obligations:
To the Buyer: A fiduciary duty of utmost care, integrity, honesty and loyalty in dealings with the Buyer.
To the Buyer and the Seller:
    (a) Diligent exercise of reasonable skill and care in performance of the agent's duties.
    (b) A duty of honest and fair dealing and good faith.
    (c) A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties. An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

**AGENT REPRESENTING BOTH SELLER AND BUYER**
A real estate agent, either acting directly or through one or more salespersons and broker associates, can legally be the agent of both the Seller and the Buyer in a transaction, but only with the knowledge and consent of both the Seller and the Buyer.
In a dual agency situation, the agent has the following affirmative obligations to both the Seller and the Buyer:
    (a) A fiduciary duty of utmost care, integrity, honesty and loyalty in the dealings with either the Seller or the Buyer.
    (b) Other duties to the Seller and the Buyer as stated above in their respective sections.
In representing both Seller and Buyer, a dual agent may not, without the express permission of the respective party, disclose to the other party confidential information, including, but not limited to, facts relating to either the Buyer's or Seller's financial position, motivations, bargaining position, or other personal information that may impact price, including the Seller's willingness to accept a price less than the listing price or the Buyer's willingness to pay a price greater than the price offered.

**SELLER AND BUYER RESPONSIBILITIES**
Either the purchase agreement or a separate document will contain a confirmation of which agent is representing you and whether that agent is representing you exclusively in the transaction or acting as a dual agent. Please pay attention to that confirmation to make sure it accurately reflects your understanding of your agent's role.

The above duties of the agent in a real estate transaction do not relieve a Seller or Buyer from the responsibility to protect his or her own interests. You should carefully read all agreements to assure that they adequately express your understanding of the transaction. A real estate agent is a person qualified to advise about real estate. If legal or tax advice is desired, consult a competent professional.

If you are a Buyer, you have the duty to exercise reasonable care to protect yourself, including as to those facts about the property which are known to you or within your diligent attention and observation.

Both Sellers and Buyers should strongly consider obtaining tax advice from a competent professional because the federal and state tax consequences of a transaction can be complex and subject to change.

Throughout your real property transaction you may receive more than one disclosure form, depending upon the number of agents assisting in the transaction. The law requires each agent with whom you have more than a casual relationship to present you with this disclosure form. You should read its contents each time it is presented to you, considering the relationship between you and the real estate agent in your specific transaction. **This disclosure form includes the provisions of Sections 2079.13 to 2079.24, inclusive, of the Civil Code set forth on page 2. Read it carefully. I/WE ACKNOWLEDGE RECEIPT OF A COPY OF THIS DISCLOSURE AND THE PORTIONS OF THE CIVIL CODE PRINTED ON THE SECOND PAGE.**

Case No. 8:22-bk-11331-MH    APN: 614-202-48

☐ Buyer ☒ Seller ☐ Landlord ☐ Tenant _____ Date _____
☐ Buyer ☐ Seller ☐ Landlord ☐ Tenant Weneta M.A. Kosmala, Ch 7 Trustee for the Estate of: Stacy Odine Corban    Date _____

Agent _____ Berkshire Hathaway HomeServices CA Properties _____ DRE Lic. # 00801398
Real Estate Broker (Firm)
By _____ Clarence Yoshikane DRE Lic. # 00801398 Date 12/19/23
(Salesperson or Broker-Associate, if any)

© 2021, California Association of REALTORS®, Inc.

**AD REVISED 12/21 (PAGE 1 OF 2)**

**DISCLOSURE REGARDING REAL ESTATE AGENCY RELATIONSHIP (AD PAGE 1 OF 2)**

Exhibit 1, Page 14

**CIVIL CODE SECTIONS 2079.13 - 2079.24 (2079.16 APPEARS ON THE FRONT)**

2079.13. As used in Sections 2079.7 and 2079.14 to 2079.24, inclusive, the following terms have the following meanings:
**(a)** "Agent" means a person acting under provisions of Title 9 (commencing with Section 2295) in a real property transaction, and includes a person who is licensed as a real estate broker under Chapter 3 (commencing with Section 10130) of Part 1 of Division 4 of the Business and Professions Code, and under whose license a listing is executed or an offer to purchase is obtained. The agent in the real property transaction bears responsibility for that agent's salespersons or broker associates who perform as agents of the agent. When a salesperson or broker associate owes a duty to any principal, or to any buyer or seller who is not a principal, in a real property transaction, that duty is equivalent to the duty owed to that party by the broker for whom the salesperson or broker associate functions. **(b)** "Buyer" means a transferee in a real property transaction, and includes a person who executes an offer to purchase real property from a seller through an agent, or who seeks the services of an agent in more than a casual, transitory, or preliminary manner, with the object of entering into a real property transaction. "Buyer" includes vendee or lessee of real property. **(c)** "Commercial real property" means all real property in the state, except (1) single-family residential real property, (2) dwelling units made subject to Chapter 2 (commencing with Section 1940) of Title 5, (3) a mobilehome, as defined in Section 798.3, (4) vacant land, or (5) a recreational vehicle, as defined in Section 799.29. **(d)** "Dual agent" means an agent acting, either directly or through a salesperson or broker associate, as agent for both the seller and the buyer in a real property transaction. **(e)** "Listing agreement" means a written contract between a seller of real property and an agent, by which the agent has been authorized to sell the real property or to find or obtain a buyer, including rendering other services for which a real estate license is required to the seller pursuant to the terms of the agreement. **(f)** "Seller's agent" means a person who has obtained a listing of real property to act as an agent for compensation. **(g)** "Listing price" is the amount expressed in dollars specified in the listing for which the seller is willing to sell the real property through the seller's agent. **(h)** "Offering price" is the amount expressed in dollars specified in an offer to purchase for which the buyer is willing to buy the real property. **(i)** "Offer to purchase" means a written contract executed by a buyer acting through a buyer's agent that becomes the contract for the sale of the real property upon acceptance by the seller. **(j)** "Real property" means any estate specified by subdivision (1) or (2) of Section 761 in property, and includes (1) single-family residential property, (2) multiunit residential property with more than four dwelling units, (3) commercial real property, (4) vacant land, (5) a ground lease coupled with improvements, or (6) a manufactured home as defined in Section 18007 of the Health and Safety Code, or a mobilehome as defined in Section 18008 of the Health and Safety Code, when offered for sale or sold through an agent pursuant to the authority contained in Section 10131.6 of the Business and Professions Code. **(k)** "Real property transaction" means a transaction for the sale of real property in which an agent is retained by a buyer, seller, or both a buyer and seller to act in that transaction, and includes a listing or an offer to purchase. **(l)** "Sell," "sale," or "sold" refers to a transaction for the transfer of real property from the seller to the buyer and includes exchanges of real property between the seller and buyer, transactions for the creation of a real property sales contract within the meaning of Section 2985, and transactions for the creation of a leasehold exceeding one year's duration. **(m)** "Seller" means the transferor in a real property transaction and includes an owner who lists real property with an agent, whether or not a transfer results, or who receives an offer to purchase real property of which he or she is the owner from an agent on behalf of another. "Seller" includes both a vendor and a lessor of real property. **(n)** "Buyer's agent" means an agent who represents a buyer in a real property transaction.

2079.14. A seller's agent and buyer's agent shall provide the seller and buyer in a real property transaction with a copy of the disclosure form specified in Section 2079.16, and shall obtain a signed acknowledgement of receipt from that seller and buyer, except as provided in Section 2079.15, as follows: **(a)** The seller's agent, if any, shall provide the disclosure form to the seller prior to entering into the listing agreement. **(b)** The buyer's agent shall provide the disclosure form to the buyer as soon as practicable prior to execution of the buyer's offer to purchase. If the offer to purchase is not prepared by the buyer's agent, the buyer's agent shall present the disclosure form to the buyer not later than the next business day after receiving the offer to purchase from the buyer.

2079.15. In any circumstance in which the seller or buyer refuses to sign an acknowledgement of receipt pursuant to Section 2079.14, the agent shall set forth, sign, and date a written declaration of the facts of the refusal.

2079.16 Reproduced on Page 1 of this AD form.

2079.17(a) As soon as practicable, the buyer's agent shall disclose to the buyer and seller whether the agent is acting in the real property transaction as the buyer's agent, or as a dual agent representing both the buyer and the seller. This relationship shall be confirmed in the contract to purchase and sell real property or in a separate writing executed or acknowledged by the seller, the buyer, and the buyer's agent prior to or coincident with execution of that contract by the buyer and the seller, respectively. **(b)** As soon as practicable, the seller's agent shall disclose to the seller whether the seller's agent is acting in the real property transaction as the seller's agent, or as a dual agent representing both the buyer and seller. This relationship shall be confirmed in the contract to purchase and sell real property or in a separate writing executed or acknowledged by the seller and the seller's agent prior to or coincident with the execution of that contract by the seller.
CONFIRMATION: **(c)** The confirmation required by subdivisions (a) and (b) shall be in the following form:

Seller's Brokerage Firm_____ DO NOT COMPLETE. SAMPLE ONLY _____ License Number _____
Is the broker of (check one): ☐ the seller; or ☐ both the buyer and seller. (dual agent)
Seller's Agent_____ DO NOT COMPLETE. SAMPLE ONLY _____ License Number _____
Is (check one): ☐ the Seller's Agent. (salesperson or broker associate) ☐ both the Buyer's and Seller's Agent. (dual agent)
Buyer's Brokerage Firm_____ DO NOT COMPLETE. SAMPLE ONLY _____ License Number _____
Is the broker of (check one): ☐ the buyer; or ☐ both the buyer and seller. (dual agent)
Buyer's Agent_____ DO NOT COMPLETE. SAMPLE ONLY _____ License Number _____
Is (check one): ☐ the Buyer's Agent. (salesperson or broker associate) ☐ both the Buyer's and Seller's Agent. (dual agent)

**(d)** The disclosures and confirmation required by this section shall be in addition to the disclosure required by Section 2079.14. An agent's duty to provide disclosure and confirmation of representation in this section may be performed by a real estate salesperson or broker associate affiliated with that broker.

2079.18 (Repealed pursuant to AB-1289)

2079.19 The payment of compensation or the obligation to pay compensation to an agent by the seller or buyer is not necessarily determinative of a particular agency relationship between an agent and the seller or buyer. A listing agent and a selling agent may agree to share any compensation or commission paid, or any right to any compensation or commission for which an obligation arises as the result of a real estate transaction, and the terms of any such agreement shall not necessarily be determinative of a particular relationship.

2079.20 Nothing in this article prevents an agent from selecting, as a condition of the agent's employment, a specific form of agency relationship not specifically prohibited by this article if the requirements of Section 2079.14 and Section 2079.17 are complied with.

2079.21 **(a)** A dual agent may not, without the express permission of the seller, disclose to the buyer any confidential information obtained from the seller. **(b)** A dual agent may not, without the express permission of the buyer, disclose to the seller any confidential information obtained from the buyer. **(c)** "Confidential information" means facts relating to the client's financial position, motivations, bargaining position, or other personal information that may impact price, such as the seller is willing to accept a price less than the listing price or the buyer is willing to pay a price greater than the price offered. **(d)** This section does not alter in any way the duty or responsibility of a dual agent to any principal with respect to confidential information other than price.

2079.22 Nothing in this article precludes a seller's agent from also being a buyer's agent. If a seller or buyer in a transaction chooses to not be represented by an agent, that does not, of itself, make that agent a dual agent.

2079.23 A contract between the principal and agent may be modified or altered to change the agency relationship at any time before the performance of the act which is the object of the agency with the written consent of the parties to the agency relationship.

2079.24 Nothing in this article shall be construed to either diminish the duty of disclosure owed buyers and sellers by agents and their associate licensees, subagents, and employees or to relieve agents and their associate licensees, subagents, and employees from liability for their conduct in connection with acts governed by this article or for any breach of a fiduciary duty or a duty of disclosure.

© 2021, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL. This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020





**AD REVISED 12/21 (PAGE 2 OF 2)**

**DISCLOSURE REGARDING REAL ESTATE AGENCY RELATIONSHIP (AD PAGE 2 OF 2)**

**Exhibit 1, Page 15**

CALIFORNIA
ASSOCIATION
OF REALTORS®

**POSSIBLE REPRESENTATION OF MORE THAN ONE BUYER
OR SELLER - DISCLOSURE AND CONSENT**
(C.A.R. Form PRBS, Revised 12/21)

A real estate broker (Broker), whether a corporation, partnership or sole proprietorship, may represent more than one buyer or seller. This multiple representation can occur through an individual licensed as a broker or salesperson or through different individual broker's or salespersons (associate licensees) acting under the Broker's license. The associate licensees may be working out of the same or different office locations.

**Multiple Buyers:** Broker (individually or through its associate licensees) may be working with many prospective buyers at the same time. These prospective buyers may have an interest in, and make offers on, the same properties. Some of these properties may be listed with Broker and some may not. Broker will not limit or restrict any particular buyer from making an offer on any particular property whether or not Broker represents other buyers interested in the same property.

**Multiple Sellers:** Broker (individually or through its associate licensees) may have listings on many properties at the same time. As a result, Broker will attempt to find buyers for each of those listed properties. Some listed properties may appeal to the same prospective buyers. Some properties may attract more prospective buyers than others. Some of these prospective buyers may be represented by Broker and some may not. Broker will market all listed properties to all prospective buyers whether or not Broker has another or other listed properties that may appeal to the same prospective buyers.

**Dual Agency:** If Seller is represented by Broker, Seller acknowledges that broker may represent prospective buyers of Seller's property and consents to Broker acting as a dual agent for both seller and buyer in that transaction. If Buyer is represented by Broker, buyer acknowledges that Broker may represent sellers of property that Buyer is interested in acquiring and consents to Broker acting as a dual agent for both buyer and seller with regard to that property.

In the event of dual agency, seller and buyer agree that: a dual agent may not, without the express permission of the respective party, disclose to the other party confidential information, including, but not limited to, facts relating to either the buyer's or seller's financial position, motivations, bargaining position, or other personal information that may impact price, including the seller's willingness to accept a price less than the listing price or the buyer's willingness to pay a price greater than the price offered; and except as set forth above, a dual agent is obligated to disclose known facts materially affecting the value or desirability of the Property to both parties.

**Offers not necessarily confidential:** Buyer is advised that seller or listing agent may disclose the existence, terms, or conditions of buyer's offer unless all parties and their agent have signed a written confidentiality agreement. Whether any such information is actually disclosed depends on many factors, such as current market conditions, the prevailing practice in the real estate community, the listing agent's marketing strategy and the instructions of the seller.

Buyer and seller understand that Broker may represent more than one buyer or more than one seller and even both buyer and seller on the same transaction and consents to such relationships.

**Seller and/or Buyer acknowledges reading and understanding this Possible Representation of More Than One Buyer or Seller - Disclosure and Consent and agrees to the agency possibilities disclosed.**

| Seller | Weneta M.A. Kosmala, Ch 7 Trustee | Date |
|---|---|---|
| Seller | | Date |
| Buyer | | Date |
| Buyer | | Date |
| Buyer's Brokerage Firm _____ | DRE Lic # _____ | Date _____ |
| By _____ | DRE Lic # _____ | Date _____ |
| Seller's Brokerage Firm  Berkshire Hathaway HomeServices CA Properties | DRE Lic # 01317331 | Date |
| By _____ | Clarence Yoshikane   DRE Lic # 00801398 | Date 12/19/23 |

© 2021, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL. This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

**PRBS REVISED 12/21 (PAGE 1 OF 1)**

**POSSIBLE REPRESENTATION OF MORE THAN ONE BUYER OR SELLER (PRBS PAGE 1 OF 1)**

BHHS California Properties - Newport Beach, 1400 Newport Center Dr Ste 200 Newport Beach CA 92660        Phone: (555)555-5555        Fax: 9496407429        BK / Listing
Jennifer Toyama                    Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201  www.lwolf.com

**RESIDENTIAL LISTING AGREEMENT**
**(Exclusive Authorization and Right to Sell)**
(C.A.R. Form RLA, Revised 6/21)

CALIFORNIA
ASSOCIATION
OF REALTORS®



**Date Prepared:** February 1, 2024

1. **EXCLUSIVE RIGHT TO SELL:** Wenet a MA. Kosm al Ch 7 Trustee ("Seller")
hereby employs and grants Berkshire Hathaway HomeServices CA Properties ("Broker")
beginning (date) February 1, 2024 and ending at 11:59 P.M. on (date) August 1, 2024 ("Listing Period")
the exclusive and irrevocable right to sell or exchange the real property described as ... 225.96 Kil Street
, situated in Lake Forest (City),
Orange (County), California, 92630;4619 (Zip Code), Assessor's Parcel No. 614-202-48 ("Property").
☐ This Property is a manufactured (mobile) home. See Manufactured Home Listing Addendum (C.A.R. form MHLA) for additional terms.
☐ This Property is being sold as part of a probate, conservatorship, guardianship, or receivership. See for Probate Listing Addendum and Advisory (C.A.R. form PLA) for additional terms.

2. **LISTING PRICE AND TERMS:** Case No. 8:22-bk-11331-MH    APN: 614-202-48
   A. The listing price shall be: Seven Hundred Seventy-Seven Thousand Nine Hundred
   Dollars ($ 799,900 ).
   B. Listing Terms: _____

3. **COMPENSATION TO BROKER:**
   **Notice: The amount or rate of real estate commissions is not fixed by law. They are set by each Broker individually and may be negotiable between Seller and Broker (real estate commissions include all compensation and fees to Broker).**
   A. Seller agrees to pay to Broker as compensation for services irrespective of agency relationship(s), either ☒ 6.00 percent of the listing price (or if a purchase agreement is entered into, of the purchase price), or ☐ $ _____,
   AND _____ , as follows:
     (1) If during the Listing Period, or any extension, Broker, cooperating broker, Seller or any other person procures a ready, willing, and able buyer(s) whose offer to purchase the Property on any price and terms is accepted by Seller, provided the Buyer completes the transaction or is prevented from doing so by Seller. (Broker is entitled to compensation whether any escrow resulting from such offer closes during or after the expiration of the Listing Period, or any extension.)
     ~~OR (2) If within ____ calendar days (a) after the end of the Listing Period or any extension; or (b) after any cancellation of this Agreement, unless otherwise agreed, Seller enters into a contract to sell, convey, lease or otherwise transfer the Property to anyone ("Prospective Buyer") or that person's related entity: (i) who physically entered and was shown the Property during the Listing Period or any extension by Broker or a cooperating broker; or (ii) for whom Broker or any cooperating broker submitted to Seller a signed, written offer to acquire, lease, exchange or obtain an option on the Property. Seller, however, shall have no obligation to Broker under paragraph 3A(2) unless, not later than the end of the Listing Period or any extension or cancellation, Broker has given Seller a written notice of the names of such Prospective Buyers.~~
     ~~OR (3) If, without Broker's prior written consent, the Property is withdrawn from sale, conveyed, leased, rented, otherwise transferred, or made unmarketable by a voluntary act of Seller during the Listing Period, or any extension.~~
   ~~B. If completion of the sale is prevented by a party to the transaction other than Seller, then compensation which otherwise would have been earned under paragraph 3A shall be payable only if and when Seller collects damages by suit, arbitration, settlement or otherwise, and then in an amount equal to the lesser of one half of the damages recovered or the above compensation, after first deducting title and escrow expenses and the expenses of collection, if any.~~
   C. In addition, Seller agrees to pay Broker: _____
   D. Seller has been advised of Broker's policy regarding cooperation with, and the amount of compensation offered to, other brokers.
     (1) Broker is authorized to cooperate with and compensate brokers participating through the multiple listing service(s) ("MLS") by offering to MLS brokers out of Broker's compensation specified in 3A, either ☒ 3.00 percent of the purchase price, or ☐ $ _____
     (2) Broker is authorized to cooperate with and compensate brokers operating outside the MLS as per Broker's policy.
   E. Seller hereby irrevocably assigns to Broker the above compensation from Seller's funds and proceeds in escrow. Broker may submit this Agreement, as instructions to compensate Broker pursuant to paragraph 3A, to any escrow regarding the Property involving Seller and a buyer, Prospective Buyer or other transferee.
   F. (1) Seller represents that Seller has not previously entered into a listing agreement with another broker regarding the Property, unless specified as follows: _____
     (2) Seller warrants that Seller has no obligation to pay compensation to any other broker regarding the Property unless the Property is transferred to any of the following individuals or entities: _____
     (3) If the Property is sold to anyone listed above during the time Seller is obligated to compensate another broker: (I) Broker is not entitled to compensation under this Agreement; and (ii) Broker is not obligated to represent Seller in such transaction.

© 2021, California Association of REALTORS®, Inc.

**RLA REVISED 6/21 (PAGE 1 OF 5)**

Seller's Initials ____ / ____

**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 1 OF 5)**

Exhibit 1, Page 17

Property Address: ..., ..., ...   22596 Killy St, Lake Forest, CA 92630-4619   Date: February 1, 2024

**4.**  **A.**  **ITEMS EXCLUDED AND INCLUDED:** Unless otherwise specified in a real estate purchase agreement, all fixtures and fittings that are attached to the Property are included, and personal property items are excluded, from the purchase price.
ADDITIONAL ITEMS EXCLUDED: _____
ADDITIONAL ITEMS INCLUDED: _____
Seller intends that the above items be excluded or included in offering the Property for sale, but understands that: (i) the purchase agreement supersedes any intention expressed above and will ultimately determine which items are excluded and included in the sale; and (ii) Broker is not responsible for and does not guarantee that the above exclusions and/or inclusions will be in the purchase agreement.

**B.**  **(1) LEASED OR NOT OWNED ITEMS:** The following items are leased or not owned by Seller:
☐ Solar power system   ☐ Alarm system   ☐ Propane tank   ☐ Water Softener
☐ Other
**(2) LIENED ITEMS:** The following items have been financed and a lien has been placed on the Property to secure payment:
☐ Solar power system   ☐ Windows or doors   ☐ Heating/Ventilation/Air conditioning system
☐ Other
Seller will provide to Buyer, as part of the sales agreement, copies of lease documents, or other documents obligating Seller to pay for any such leased or liened item.

**5.**  **MULTIPLE LISTING SERVICE:**
**A.**  **WHAT IS AN MLS?** The MLS is a database of properties for sale that is available and disseminated to and accessible by all other real estate agents who are participants or subscribers to the MLS. As set forth in **paragraph 7**, participants and subscribers conducting public marketing of a property listing must submit the property information to the MLS. Property information (including the listing broker's offer of compensation to other brokers). It is likely that a significant number of real estate practitioners in any given area are participants or subscribers to the MLS. The MLS may also be part of a reciprocal agreement to which other multiple listing services belong. Real estate agents belonging to other multiple listing services that have reciprocal agreements with the MLS also have access to the information submitted to the MLS. The MLS may further transmit listing information to Internet sites that post property listings online.
**B.**  **WHAT INFORMATION IS PROVIDED TO THE MLS:** All terms of the transaction, including sales price and financing, if applicable, **(i)** will be provided to the MLS in which the Property is listed for publication, dissemination and use by persons and entities on terms approved by the MLS, and **(ii)** may be provided to the MLS even if the Property was not listed with the MLS. Seller consents to Broker providing a copy of this listing agreement to the MLS if required by the MLS.
**C.**  **WHAT IS BROKER'S MLS?** Broker is a participant/subscriber to _____ Multiple Listing Service (MLS) and possibly others. That MLS is (or if checked ☐ is not) the primary MLS for the geographic area of the Property. When required by paragraph 7 or by the MLS, Property will be listed with the MLS(s) specified above.

**6.**  **BENEFITS OF USING THE MLS; IMPACT OF OPTING OUT OF THE MLS**
**A.**  **EXPOSURE TO BUYERS THROUGH MLS:** Listing property with an MLS exposes a seller's property to all real estate agents and brokers (and their potential buyer clients) who are participants or subscribers to the MLS or a reciprocating MLS. The MLS may further transmit the MLS database to Internet sites that post property listings online.
**B.**  **IMPACT OF OPTING OUT OF MLS:** If Seller elects to exclude the Property from the MLS, Seller understands and acknowledges that: **(i)** Seller is authorizing limited exposure of the Property and NO marketing or advertising of the Property to the public will occur; **(ii)** real estate agents and brokers from other real estate offices, and their buyer clients, who have access to that MLS may not be aware that Seller's Property is offered for sale; **(iii)** Information about Seller's Property will not be transmitted from the MLS to various real estate Internet sites that are used by the public to search for property listings and; **(iv)** real estate agents, brokers and members of the public may be unaware of the terms and conditions under which Seller is marketing the Property.
**C.**  **REDUCTION IN EXPOSURE:** Any reduction in exposure of the Property may lower the number of offers and negatively impact the sales price.
**D.**  **NOT LISTING PROPERTY IN A LOCAL MLS:** If the Property is listed in an MLS which does not cover the geographic area where the Property is located then real estate agents and brokers working that territory, and Buyers they represent looking for property in the neighborhood, may not be aware the Property is for sale. _____

Seller's Initials _____ / _____          Broker's/Agent's Initials _____ / _____

**7.**  **PUBLIC MARKETING OF PROPERTY:**
**A.**  **CLEAR COOPERATION POLICY:** MLS rules require (☐ Do NOT require – see 7F) that residential real property with one to four units and vacant lot listings be submitted to the MLS within 1 business day of any public marketing.
**B.**  **PUBLIC MARKETING WITHIN CLEAR COOPERATION: (i) Public marketing** includes, but is not limited to, flyers displayed in windows, yard signs, digital marketing on public facing websites, brokerage website displays, digital communications marketing and email blasts, multi-brokerage listing sharing networks, marketing to closed or private listing clubs or groups, and applications available to the general public. **(ii) Public marketing** does not include an office exclusive listing where there is direct promotion of the listing between the brokers and licensees affiliated with the listing brokerage, and one-to-one promotion between these licensees and their clients.
**C.**  **"COMING SOON" STATUS IMPACT ON MARKETING; Days on Market (DOM):** Seller is advised to discuss with Broker the meaning of "Coming Soon" as that term applies to the MLS in which the Property will be listed, and how any Coming Soon status will impact when and how a listing will be viewable to the public via the MLS. Seller (☐ does not) authorize Broker to utilize Coming Soon status, if any. Seller is further advised to discuss with Broker how any DOM calculations or similarly utilized tracking field works in the MLS in which the Property will be listed.
**D.**  **Seller Instructs Broker:** (MLS may require C.A.R. Form SELM or local equivalent form)
(1)  Seller instructs Broker to market the Property to the public, and to start marketing on the beginning date of this Agreement or ☐ _____ (date).   Seller's Initials _____ / _____

RLA REVISED 6/21 (PAGE 2 OF 5)

**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 2 OF 5)**
Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201 www.lwolf.com   BK / Listing

Exhibit 1, Page 18

Property Address: _____, __, _____   22596 Killy St, Lake Forest, CA 92630-4619

OR (2) ☐ Seller instructs Broker NOT to market the Property to the public. Seller understands that no public marketing will occur and the scope of marketing that will occur will consist only of direct one-on-one promotion between the brokers and licensees affiliated with the listing brokerage and their respective clients.

**E.** **Whether 7D(1) or 7D(2) is selected,** Seller understands and agrees that should any public marketing of the Property occur, the Property listing will be submitted to the MLS within 1 business day.

**F.** ☐ **CLEAR COOPERATION POLICY DOES NOT APPLY:** Paragraphs 7A (other than the language in the parenthetical), 7B, 7D and 7E do not apply to this listing. Broker shall disclose to Seller and obtain Seller's consent for any instruction to not market the Property on the MLS or to the public.

**8.** **MLS DATA ON THE INTERNET:** MLS rules allow MLS data to be made available by the MLS to additional Internet sites unless Broker gives the MLS instructions to the contrary. Specific information that can be excluded from the Internet as permitted by (or in accordance with) the MLS is as follows:

**A.** **PROPERTY OR PROPERTY ADDRESS:** Seller can instruct Broker to have the MLS not display the Property or the Property address on the Internet (C.A.R. Form SELI). Seller understands that either of these opt-outs would mean consumers searching for listings on the Internet may not see the Property or Property's address in response to their search.

**B.** **FEATURE OPT-OUTS:** Seller can instruct Broker to advise the MLS that Seller does not want visitors to MLS Participant or Subscriber Websites or Electronic Displays that display the Property listing to have the features below (C.A.R. Form SELI). Seller understands **(i)** that these opt-outs apply only to Websites or Electronic Displays of MLS Participants and Subscribers who are real estate broker and agent members of the MLS; **(ii)** that other Internet sites may or may not have the features set forth herein; and **(iii)** that neither Broker nor the MLS may have the ability to control or block such features on other Internet sites.

(1) **COMMENTS AND REVIEWS:** The ability to write comments or reviews about the Property on those sites; or the ability to link to another site containing such comments or reviews if the link is in immediate conjunction with the Property display.

(2) **AUTOMATED ESTIMATE OF VALUE:** The ability to create an automated estimate of value or to link to another site containing such an estimate of value if the link is in immediate conjunction with the Property display.

☐ Seller elects to opt out of certain Internet features as provided by C.A.R. Form SELI or the local equivalent form.

~~**9.** **SELLER REPRESENTATIONS:** Seller represents that, unless otherwise specified in writing, Seller is unaware of: **(i)** any Notice of Default recorded against the Property; **(ii)** any delinquent amounts due under any loan secured by, or other obligation affecting, the Property; **(iii)** any bankruptcy, insolvency or similar proceeding affecting the Property; **(iv)** any litigation, arbitration, administrative action, government investigation or other pending or threatened action that affects or may affect the Property or Seller's ability to transfer it; and **(v)** any current, pending or proposed special assessments affecting the Property. Seller shall promptly notify Broker in writing if Seller becomes aware of any of these items during the Listing Period or any extension thereof.~~

**10.** **BROKER'S AND SELLER'S DUTIES:**

**A.** **Broker Responsibility, Authority and Limitations:** Broker agrees to exercise reasonable effort and due diligence to achieve the purposes of this Agreement. Unless Seller gives Broker written instructions to the contrary, Broker is authorized, but not required, to **(i)** order reports and disclosures including those specified in 10D as necessary, **(ii)** advertise and market the Property by any method and in any medium selected by Broker, including MLS and the Internet, and, to the extent permitted by these media, control the dissemination of the information submitted to any medium; and **(iii)** disclose to any real estate licensee making an inquiry the receipt of any offers on the Property and the offering price of such offers.

**B.** **Presentation of Offers:** Broker agrees to present all offers received for Seller's Property, and present them to Seller as soon as possible, unless Seller gives Broker written instructions to the contrary.

**C.** **Buyer Supplemental Offer Letters (Buyer Letters):**

(1) Paragraph 8 of the Fair Housing and Discrimination Advisory (C.A.R. Form FHDA) attached to this Agreement informs Seller of the practice of many buyers and their agents of including a Buyer Letter with an offer to try to influence a seller to accept the buyer's offer. Buyer Letters may include photos and video. Whether overt or unintentional, Buyer Letters may contain information about a buyer's or seller's protected class or characteristics. Deciding whether to accept an offer based upon protected classes or characteristics is unlawful. Broker will not review the content of Buyer Letters.

(2) **(A)** Seller instructs Broker **not** to present Buyer Letters, whether submitted with an offer or separately at a different time. Seller authorizes Broker to specify in the MLS that Buyer Letters will not be presented to Seller.

OR **(B)** ☐ Seller instructs Broker to present Buyer Letters. Broker advises seller that: **(i)** Buyer Letters may contain information about protected classes or characteristics and such information should not be used in Seller's decision of whether to accept, reject, or counter a Buyer's offer; and **(ii)** if Seller relies on Buyer Letters, Seller is acting against Broker's advice and should seek the advice of counsel before doing so.

**D.** Seller agrees to consider offers presented by Broker, and to act in good faith to accomplish the sale of the Property by, among other things, making the Property available for showing at reasonable times and, subject to paragraph 3F, referring to Broker all inquiries of any party interested in the Property. Seller is responsible for determining at what price to list and sell the Property.

**E.** **Investigations and Reports:** Seller agrees, within **5 (or _____) Days** of the beginning date of this Agreement, to order and, when required by the service provider, pay for a Natural Hazard Disclosure report and the following reports:

☐ Structural Pest Control, ☐ General Property Inspection, ☐ Homeowners Association Documents, ☐ Preliminary (Title) Report, ☐ Roof Inspection, ☐ Pool Inspection, ☐ Septic/Sewer Inspection, ☐ Other _____.

If Property is located in a Common Interest Development or Homeowners Association, Seller is advised that there may be benefits to obtaining any required documents prior to entering into escrow with any buyer. Such benefits may include, but not be limited to, potentially being able to lower costs in obtaining the documents and avoiding any potential delays or complications due to late or slow delivery of such documents.

~~**F.** Seller further agrees to indemnify, defend and hold Broker harmless from all claims, disputes, litigation, judgments, attorney fees and costs arising from any incorrect or incomplete information supplied by Seller, or from any material facts that Seller knows but fails to disclose including dangerous or hidden conditions on the Property.~~

RLA REVISED 6/21 (PAGE 3 OF 5)          Seller's Initials _____ / _____

**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 3 OF 5)**

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201  www.lwolf.com     BK / Listing

Exhibit 1, Page 19

Property Address: ....., .. .. ....                22596 Killy St, Lake Forest, CA 92630-4619

**11. DEPOSIT:** Broker is authorized to accept and hold on Seller's behalf any deposits to be applied toward the purchase price.

**12. AGENCY RELATIONSHIPS:**

**A. Disclosure:** The Seller acknowledges receipt of a ☒ "Disclosure Regarding Real Estate Agency Relationships" (C.A.R. Form AD).

**B. Seller Representation:** Broker shall represent Seller in any resulting transaction, except as specified in paragraph 3F.

**C. POSSIBLE DUAL AGENCY WITH BUYER:** Depending upon the circumstances, it may be necessary or appropriate for Broker to act as an agent for both Seller and buyer, exchange party, or one or more additional parties ("Buyer"). Broker shall, as soon as practicable, disclose to Seller any election to act as a dual agent representing both Seller and Buyer. If a Buyer is procured directly by Broker or an associate-licensee in Broker's firm, Seller hereby consents to Broker acting as a dual agent for Seller and Buyer. In the event of an exchange, Seller hereby consents to Broker collecting compensation from additional parties for services rendered, provided there is disclosure to all parties of such agency and compensation. Seller understands and agrees that: a dual agent may not, without the express permission of the respective party, disclose to the other party confidential information, including, but not limited to, facts relating to either the Buyer's or Seller's financial position, motivations, bargaining position, or other personal information that may impact price, including the Seller's willingness to accept a price less than the listing price or the Buyer's willingness to pay a price greater than the price offered; and except as set forth above, a dual agent is obligated to disclose known facts materially affecting the value or desirability of the Property to both parties.

**D. CONFIRMATION:** Broker shall confirm the agency relationship described above, or as modified, in writing, prior to or concurrent with Seller's execution of a purchase agreement.

**E. POTENTIALLY COMPETING SELLERS AND BUYERS:** Seller understands that Broker may have or obtain listings on other properties, and that potential buyers may consider, make offers on, or purchase through Broker, property the same as or similar to Seller's Property. Seller consents to Broker's representation of sellers and buyers of other properties before, during and after the end of this Agreement. Seller acknowledges receipt of a ☒ "Possible Representation of More than One Buyer or Seller - Disclosure and Consent" (C.A.R. Form PRBS).

**13. SECURITY, INSURANCE, SHOWINGS, AUDIO AND VIDEO:** Broker is not responsible for loss of or damage to personal or real property, or person, whether attributable to use of a keysafe/lockbox, a showing of the Property, or otherwise. Third parties, including, but not limited to, appraisers, inspectors, brokers and prospective buyers, may have access to, and take videos and photographs of, the interior of the Property. Seller agrees: **(i)** to take reasonable precautions to safeguard and protect valuables that might be accessible during showings of the Property; **(ii)** to obtain insurance to protect against these risks. Broker does not maintain insurance to protect Seller. Persons visiting the Property may not be aware that they could be recorded by audio or visual devices installed by Seller (such as "nanny cams" and hidden security cameras). Seller is advised to post notice disclosing the existence of security devices.

**14. PHOTOGRAPHS AND INTERNET ADVERTISING:**

**A.** In order to effectively market the Property for sale it is often necessary to provide photographs, virtual tours and other media to buyers. Seller agrees (or ☐ if checked, does not agree) that Broker or others may photograph or otherwise electronically capture images of the exterior and interior of the Property ("Images") for static and/or virtual tours of the Property by buyers and others for use on Broker's website, the MLS, and other marketing materials and sites. Seller acknowledges that if Broker engages third parties to capture and/or reproduce and display Images, the agreement between Broker and those third parties may provide such third parties with certain rights to those Images. The rights to the Images may impact Broker's control or lack of control of future use of the Images. If Seller is concerned, Seller should request that Broker provide any third parties' agreement impacting the Images. Seller also acknowledges that once Images are placed on the Internet neither Broker nor Seller has control over who can view such Images and what use viewers may make of the Images, or how long such Images may remain available on the Internet. Seller further assigns any rights in all Images to the Broker/Agent and agrees that such Images are the property of Broker/Agent and that Broker/Agent may use such Images for advertising, including post sale and for Broker/Agent's business in the future.

**B.** Seller acknowledges that prospective buyers and/or other persons coming onto the property may take photographs, videos or other images of the property. Seller understands that Broker does not have the ability to control or block the taking and use of Images by any such persons. (If checked) ☐ Seller instructs Broker to publish in the MLS that taking of Images is limited to those persons preparing Appraisal or Inspection reports. Seller acknowledges that unauthorized persons may take Images who do not have access to or have not read any limiting instruction in the MLS or who take images regardless of any limiting instruction in the MLS. Once Images are taken and/or put into electronic display on the Internet or otherwise, neither Broker nor Seller has control over who views such Images nor what use viewers may make of the Images.

**15. KEYSAFE/LOCKBOX:** A keysafe/lockbox is designed to hold a key to the Property to permit access to the Property by Broker, cooperating brokers, MLS participants, their authorized licensees and representatives, authorized inspectors, and accompanied prospective buyers. Seller further agrees that Broker, at Broker's discretion, and without further approval from Seller, shall have the right to grant access to and convey Seller's consent to access the Property to inspectors, appraisers, workers, repair persons, and other persons requiring entry to the Property in order to facilitate the sale of the Property. Broker, cooperating brokers, MLS and Associations/Boards of REALTORS® are not insurers against injury, theft, loss, vandalism or damage attributed to the use of a keysafe/lockbox.

**A.** Seller does (or if checked ☐ does not) authorize Broker to install a keysafe/lockbox.

**B. TENANT-OCCUPIED PROPERTY:** If Seller does not occupy the Property, Seller shall be responsible for obtaining occupant(s)' written permission for use of a keysafe/lockbox (C.A.R. Form KLA).

**16. SIGN:** Seller does (or if checked ☐ does not) authorize Broker to install a FOR SALE/SOLD sign on the Property.

**17. EQUAL HOUSING OPPORTUNITY:** The Property is offered in compliance with federal, state and local anti-discrimination laws.

**18. ATTORNEY FEES:** In any action, proceeding or arbitration between Seller and Broker to enforce the compensation provisions of this Agreement, the prevailing Seller or Broker shall be entitled to reasonable attorney fees and costs from the non-prevailing Seller or Broker, except as provided in paragraph 22A.

**19. ADDITIONAL TERMS:** ☐ REO Advisory Listing (C.A.R. Form REOL) ☐ Short Sale Information and Advisory (C.A.R. Form SSIA)
☐ Trust Advisory (C.A.R. Form TA)
☐ Seller intends to include a contingency to purchase a replacement property as part of any resulting transaction

PROPERTY TO BE SOLD IN "AS-IS", "WHERE-IS" CONDITION WITH ALL FAULTS AND WITHOUT ANY WARRANTIES, EXPRESSED OR IMPLIED. PEST CONTROL/TERMITE INSPECTION REPORT AND ANY CORRECTIVE WORK WILL NOT BE PROVIDED, COMPLETED BY NOR PAID FOR BY SELLER.

TRUSTEE'S ADDENDUM TO EXCLUSIVE AND RIGHT TO SELL IS INCORPORATED HEREIN IN ITS ENTIRETY.

**RLA REVISED 6/21 (PAGE 4 OF 5)**                    Seller's Initials _____ / _____

Exhibit 1, Page 20

Property Address: __ __ __ __ __    22596 Kitty St, Lake Forest, CA 92630-4619

**20. MANAGEMENT APPROVAL:** If an associate-licensee in Broker's office (salesperson or broker-associate) enters into this Agreement on Broker's behalf, and Broker or Manager does not approve of its terms, Broker or Manager has the right to cancel this Agreement, in writing, within **5 Days** After its execution.

**21. SUCCESSORS AND ASSIGNS:** This Agreement shall be binding upon Seller and Seller's successors and assigns.

~~**22. DISPUTE RESOLUTION:**~~

~~**A. MEDIATION.** Seller and Broker agree to mediate any dispute or claim arising between them regarding the obligation to pay compensation under this Agreement, before resorting to arbitration or court action. Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party (i) commences an action without first attempting to resolve the matter through mediation, or (ii) before commencement of an action, refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action. Exclusions from this mediation agreement are specified in paragraph 22B.~~

**B. ADDITIONAL MEDIATION TERMS:** The following matters shall be excluded from mediation: (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage or installment land sale contract as defined in Civil Code § 2985; (ii) an unlawful detainer action; (iii) the filing or enforcement of a mechanic's lien; and (iv) any matter that is within the jurisdiction of a probate, small claims or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver or violation of the mediation provisions.

**C. ARBITRATION ADVISORY:** If Seller and Broker desire to resolve disputes arising between them through arbitration rather than court, they can document their agreement by attaching and signing an Arbitration Agreement (C.A.R. Form ARB).

**23. ENTIRE AGREEMENT:** All prior discussions, negotiations and agreements between the parties concerning the subject matter of this Agreement are superseded by this Agreement, which constitutes the entire contract and a complete and exclusive expression of their agreement, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. This Agreement and any supplement, addendum or modification, including any photocopy or facsimile, may be executed in counterparts.

**24. OWNERSHIP, TITLE AND AUTHORITY:** Seller warrants that: **(i)** Seller is the owner of the Property; **(ii)** no other persons or entities have title to the Property; and **(iii)** Seller has the authority to both execute this Agreement and sell the Property. Exceptions to ownership, title and authority are as follows: _____

☐ **REPRESENTATIVE CAPACITY:** This Listing Agreement is being signed for Seller by an individual acting in a Representative Capacity as specified in the attached Representative Capacity Signature Disclosure (C.A.R. Form RCSD-S). Wherever the signature or initials of the representative identified in the RCSD appear on this Agreement or any related documents, it shall be deemed to be in a representative capacity for the entity described and not in an individual capacity, unless otherwise indicated. Seller (i) represents that the entity for which the individual is signing already exists and (ii) shall Deliver to Broker, within 3 Days After Execution of this Agreement, evidence of authority to act (such as but not limited to: applicable trust document, or portion thereof, letters testamentary, court order, power of attorney, resolution, or formation documents of the business entity).

**By signing below, Seller acknowledges that Seller has read, understands, received a copy of and agrees to the terms of this Agreement.**

APN: 614-202-18    Case No. 8:22-bk-11331-MH

Seller _____    Date _____
Weneta M.A. Kosmala, Ch 7 Trustee for the Estate of: Stacy Odine Corban

Address _____ City _____ State ____ Zip _____

Telephone _____ Fax _____ E-mail _____

Seller _____    Date _____

Address _____ City _____ State ____ Zip _____

Telephone _____ Fax _____ E-mail _____

☐ Additional Signature Addendum attached (C.A.R. Form ASA)

Real Estate Broker (Firm) ___ Berkshire Hathaway HomeServices CA Properties ___ DRE Lic. # 01317331

Address ___ 1400 Neeport Center Drive, Suite 200 ___ City ___ Newport Beach ___ State CA Zip 92660

By  _____ Tel. 714.606.5765 E-mail Clarence.Yoshikane@gmail.com DRE Lic.# 00801398 Date 12/19/23
Clarence Yoshikane

By _____ Tel. _____ E-mail _____ DRE Lic.# _____ Date _____

☐ Two Brokers with different companies are co-listing the Property. Co-listing Broker information is on the attached Additional Broker Acknowledgement (C.A.R. Form ABA).

© 2021 California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL. This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

RLA REVISED 6/21 (PAGE 5 OF 5)



**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 5 OF 5)**

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201 www.lwolf.com    BK / Listing

Exhibit 1, Page 21

## ADDENDUM TO
## EXCLUSIVE AUTHORIZATION AND RIGHT TO SELL

In reference to the real property known as: **22596 Killy St, Lake Forest, CA 92630-4619, County of Orange, AP # 614-202-48, (the "property").**

The undersigned hereby agree to this addendum as follows:

1.      The parties acknowledge that this listing agreement and any agreement relating to the Property are not binding (including the entering into of a purchase agreement) until Bankruptcy Court approval.  The parties acknowledge that the Bankruptcy Court may after approval of this agreement later reduce commissions agreed to.

2.      Broker agrees to extensively market the Property through internet real estate websites and multiple listing services.

3.      The Trustee shall have the right to sell the Property to anyone who, prior to the date of entering into this agreement, has expressed an interest in purchasing the Property, and Broker shall not be entitled to a commission on such a sale.

        The Trustee shall further have the right at any time to sell the estate's interest in the Property to the Debtor, **Stacy Odine Corban, Case No. 8:22-bk-11331-MH.**

4.      A commission is not earned until court approval of a purchase agreement is obtained and escrow is closed.

5.      All disputes between Broker and Trustee or regarding sale of the property shall be resolved in the U.S. Bankruptcy Court, Central District of California, Santa Ana Division.

6.      There shall be no claim by broker for damages of any kind against **Weneta M. A. Kosmala**, or against the **Law Offices of Weneta M.A. Kosmala**. Any claim for damages by broker as it relates to the listing or sale herein shall only be against the Bankruptcy Estate of **Stacy Odine Corban, Case No. 8:22-bk-11331-MH.**



7.    Broker agrees that any previous listing agreements with regard to this Property are Null & Void.

The within agreement, upon its execution of both parties, is herewith made an integral part of the employment of Broker relating to the Property herein and the aforementioned Agreement of Sale.

**DATE:** 12/19/23

**BROKER**

Clarence Yoshikane, Trustee's Agent

BRE # 00801398
714.606.5765, Direct Line
Clarence.Yoshikane@gmail.com

**DATE:**

**BANKRUPTCY TRUSTEE**

Weneta M. A. Kosmala, Chapter 7 Trustee for the Estate of Stacy Odine Corban, Case No. 8:22-bk-11331-MH and not in her individual capacity or as a member of the Law Offices of Weneta M. A. Kosmala



# Exhibit 2

# Clarence Yoshikane

**Real Estate Sales Executive**
**Asset Management**
**Bankruptcy Specialist**
**Receivership Specialist**
**Short-Sale Specialist**
**Probate Specialist**
**CA BRE License #**
**00801398 714.606.5765,**
**Direct Line**

---

**Experience**            ## Residential & Commercial Real Estate Sales

**July 23, 2020 to Present**
### Berkshire Hathaway HomeServices California Properties
**Servicing California (Nationwide & International Network)**

**December 6, 2018 to July 22, 2020**
### Coldwell Banker Real Estate
**Servicing California (Nationwide & International Network)**

**April 1, 2018 to December 5, 2018**
### Pacific Sotheby's International Realty (Formerly HOM / Sotheby's International Realty)
**Servicing California (Nationwide & International Network)**

**September 12, 2016 through March 31, 2018**
### HOM / Sotheby's International Realty

**Servicing California (Nationwide & International Network)**

**Fall 2013 through September 11, 2016**
### BHHS / Berkshire Hathaway HomeServices California Properties (Formerly Pru CA Realty)
**Servicing California (Nationwide Network)**

**1989 through Fall 2013**
### Prudential California Realty
**Servicing California (Nationwide Network)**

**1980 through 1989**
### Merrill Lynch Realty

Exhibit 2, Page 24

**US Bankruptcy Court, State Court Receivership, & Probate and Short Sale Specialist**

**Orange, Los Angeles, Riverside, San Bernardino & San Diego Counties**

**Expert Handling of Occupied, Vacant & Tenant Occupied Properties Licensed in California since 1980**

**Consistently Top Producer – Top 5% of Agents in Company**

**Assessed damages, obtained bids for repairs, Listed & Sold – US Bankruptcy Court, State Court Receivership, Probate Court, REO, Bank Owned & Corporate Owned Properties**

**Developed, Owned & Managed – owner & non-owner occupied properties in Orange & Los Angeles Counties**

**Professional Associations**

**Newport Beach Association of Realtors (NBAOR)**
**California Regional Multiple Listing Service (CRMLS)**
**National Association of Realtors**
**California Association of Realtors**

--

**Clarence Yoshikane**
**Sales Executive**
**Asset Management**
**Bankruptcy Specialist**
**CA DRE License # 00801398**

**Berkshire Hathaway HomeServices**

**California Properties**

**1400 Newport Center Drive, Suite**

**200, Newport Beach, CA 92660**

**714.606.5765, Direct Line**

**clarence.yoshikane@gmail.com**

**www.Yoshikane-Toyama.com**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3070 Bristol Street, Suite 640, Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*):  **APPLICATION OF THE CHAPTER 7 TRUSTEE FOR AUTHORIZATION TO: (1) EMPLOY REAL ESTATE BROKER (BERKSHIRE HATHAWAY HOMESERVICES CALIFORNIA PROPERTIES) AND AGENT CLARENCE YOSHIKANE PURSUANT TO 11 U.S.C. §§ 327 AND 328; AND (2) ALLOW AGENT AN ADMINISTRATIVE CLAIM FOR OUT-OF-POCKET EXPENSES; DECLARATIONS OF WENETA M.A. KOSMALA AND CLARENCE YOSHIKANE IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **March 8, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Ryan W Beall    rbeall@go2.law, kadele@go2.law;dfitzgerald@go2.law;rbeall@ecf.courtdrive.com;cmeeker@go2.law
Joseph C Delmotte    ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com
Benjamin Heston    bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
Weneta M.A. Kosmala (TR)    ecf.alert+Kosmala@titlexi.com,
wkosmala@txitrustee.com;dmf@txitrustee.com;sdk@txitrustee.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

**2.**    On (*date*) **March 8, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Stacy Odine Corban
22596 Killy St
Lake Forest, CA 92630-4619
**DEBTOR**

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (**state method for each person or entity served**):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **March 8, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Clarence Yoshikane (Berkshire Hathaway HomeServices California Properties: clarence.yoshikane@gmail.com
Jennifer Toyama (Berkshire Hathaway HomeServices California Properties:: j_toyama@verizon.net

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 8, 2024 | David M. Fitzgerald | *David M. Fitzgerald* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012
0.0

**F 9013-3.1.PROOF.SERVICE**